Luttrell B. COX, Plaintiff,

Sherwood Cox, Plaintiff-Appellant,

Alvin P. Lockett, Sr., et al.,
Plaintiffs-Intervenors,

Anthony White and Henry Clark, Sr.,
Plaintiffs-Intervenors Appellants,

v.

ALLIED CHEMICAL CORPORATION et al., Defendants-Appellees.

No. 75-2109.

United States Court of Appeals,
Fifth Circuit.

April 20, 1977.

Donald Juneau, Anchorage, Alaska, for plaintiff-appellant.

Victor A. Sachse, III, Paul M. Hebert, Jr., Baton Rouge, La., for Allied Chemical Corp.

James D. Thomas, Baton Rouge, La., for Local 216, etc.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before TUTTLE, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also DENIED.

Before BROWN, Chief Judge, and THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, RO-

---

* District Judge of the Southern District of Florida sitting by designation.

NEY, GEE, TJOFLAT, HILL and FAY, Circuit Judges.

JOHN R. BROWN, Chief Judge, with whom HILL, Circuit Judge, joins, dissenting:

I dissent to the Court's refusal to grant rehearing en banc. The panel's opinion undermines the purpose of conciliation as designed to operate in Title VII claims. Under the panel holding collateral attack may be brought on any conciliation agreement by any one or more of the parties on the basis that they did not understand the agreement when they signed it. The end result of this will be a great burden on any employer entering into such an agreement.

Why should employers enter a conciliation agreement if as to any one or more of all the thousands of employees in a large industrial plant they would have to bear the burden of proving that each employee understood what he was doing when he signed the conciliation agreement which had been negotiated and adopted under the close supervision of EEOC? By its decision the Court is injecting new ideas in the process of conciliation which will make conciliation agreements very difficult if not impossible to achieve. As I view the decision it will make employers, unions and employees very leary of the entire conciliation process to which all have expressly agreed.

The two case authorities cited by the panel are not dispositive of Title VII conciliation questions. *Watkins v. Scott Paper Co.,* 5 Cir., 1975, 530 F.2d 1159, was an attempt by the Department of Labor's Office of Federal Contract Compliance to bring Scott Paper Company within the requirements of an Executive Order. To this end a memorandum of understanding was signed by the employer and the labor union. The employees signed a statement that they understood the memorandum. The only advisors there to explain the memorandum to them before signing were two other employees, one a representative of the union and one a management representative. The conciliation agreements under Title VII are inapposite. The EEOC closely supervises such agreements. Any employee not a party to a conciliation agreement under Title VII may bring suit. But the Executive Order in *Watkins* did not provide for conciliation prior to filing suit. The conciliation agreement provided for in Title VII is a special, statutory contract. The agreement in *Watkins* had no statutory basis.

The panel also cites *Alexander v. Gardner-Denver,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) as authority for their holding. In my view the proper interpretation of this opinion is that given by Judge Thornberry in *U. S. v. Allegheny-Ludlum Industries,* 5 Cir., 1975, 517 F.2d 826, in which he said,

> "*Gardner-Denver* holds only that 'an individual does not forfeit his private cause of action if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective-bargaining agreement.' . . . Arbitration is a *collective* right; a Title VII cause of action is a *personal* right. When the employee submits a grievance to arbitration, he or she is pursuing a contract right which flows from the collective bargaining agreement. The rights asserted in a Title VII suit flow, by contrast, from an act of Congress independent of the traditional labor-management bargaining process." (Cites omitted).

In the present case the EEOC did effect conciliation. Here the matter should end.

For these reasons I would grant rehearing en banc.